[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10776
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cr-60212-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOLAN FERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 14, 2015)

Before HULL, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

After pleading guilty, Nolan Fernandez appeals his 129-month sentence for

conspiracy to possess with intent to distribute 500 grams or more of

methamphetamine, in violation of 21 U.S.C. § 846.  On appeal, Fernandez argues that the district court erred in denying his request for a minor-role reduction under U.S.S.G. § 3B1.2.  After review, we affirm.[1]

The district court did not clearly err in denying Defendant Fernandez a minor-role reduction.  In calculating Fernandez's offense level, the district court held Fernandez accountable for only the 6,897 grams of methamphetamine, which Fernandez admits he transported from Philadelphia to Fort Lauderdale.  In other words, Fernandez's relevant conduct was the same as his actual conduct in the drug conspiracy.  See United States v. DeVaron, 175 F.3d 930, 940 (11th Cir. 1999) (en banc) (instructing courts to consider the defendant's role in relation to the relevant conduct attributed to the defendant at sentencing).  Thus, Fernandez cannot point to the wider drug conspiracy for which he was not held accountable— including the uncompleted plan to exchange the methamphetamine for cocaine—to show his role was minor.  See id. at 941.

Fernandez contends his role was minor compared to the role of his co-defendant, Jacinto Marte, who was the source of the methamphetamine, arranged the drug exchange, and gave Fernandez his instructions.  The district court may, but is not required to, compare a defendant's role to the other participants in the relevant conduct.  See id. at 944.  And, a comparison of the defendant's role

---

[1]"We review a district court's denial of a role reduction for clear error."  United States v. Bernal-Benitez, 594 F.3d 1303, 1320 (11th Cir. 2010).

against his relevant conduct attributed to him "in many cases . . . will be dispositive." Id. at 945.

In any event, the fact that Fernandez may have been less culpable than Marte does not mean that Fernandez's role was minor. See id. at 944 (explaining that it is possible to have no minor or minimal participants). In fact, Fernandez's role in the proposed drug exchange was substantial. Not only did Fernandez drive a very large amount of methamphetamine from Philadelphia to Fort Lauderdale, he also obtained a driver's license and car registration in his brother's name to do so, texted updates to the confidential source working with investigators during his trip, met with an undercover officer at a Starbucks to make the exchange, and, after speaking with the undercover officer, he made the decision not to allow the undercover officer to inspect the methamphetamine prior to a trade and ended the meeting when he became uneasy. While Fernandez stresses that he did not have an equity interest in the drugs, he admits he was to be paid $3,000 plus expenses for his part in the conspiracy.

Given the undisputed facts, the district court's finding that Fernandez played more than a minor role in the drug conspiracy was not clear error.

**AFFIRMED.**